Evans, J.
delivered the opinion of the Court.
The jury having found the prisoner guilty of murder, there is no necessity to enquire whether he could have been convicted of manslaughter on this indictment. The first ground is, therefore, the only one necessary to be considered. The proposition presented by that ground is whether, supposing the prisoner “ shot at Carter, designing to do him some serious injury, as the falling from his horse,” he is guilty of the crime of murder. It is not denied that this question is the same as if he had killed Carter instead of the negro, for if one design to kill A. but by accident kills B. his crime is the same as if he had executed his intended purpose. It will be murder, or manslaughter, or self defence, according to the circumstances. It is very clear that the intent with which an act is done, very often gives character to the crime, but there is a legal conclusion drawn from the facts of the case, entirely independent of the intent of the party. Thus it is said in 2d Starkie Ev. 950, that “ where the defence is that the death was occasioned by accident, the nature of the act which produced the death, and the real motive and intention of the prisoner, are the proper subjects of evidence, but the conclusion as to the quality of the offence, as founded upon such facts, is a question of law.” The whole doctrine of constructive malice is founded on the same principle. If the act which produced the death be attended with such circumstances as are the ordinary symptoms of a wicked, depraved and malignant spirit, the law from these circumstances will imply malice, without reference to what was passing in the prisoner’s mind at the time he committed the act. If one were to fire a loaded gun into a crowd, or throw a piece of heavy timber from the top of a house into a street filled with people, the law would infer malice from the wickedness of the act: so also the law will imply that the prisoner intended the natural and probable consequences of his own act, as in the case of shooting *81 a -gun into a crowd, the law will imply, from the wantonness I of the act, that he intended to kill some one, although .it ■ might have been done in sport. If the prisoner’s object had ' been nothing more than to make Carter’s horse throw him, < and he had used such means only as were appropriate to that end, then there would be some reason for applying to his case the distinction that where the intention was to commit only a trespass or a misdemeanor, an accidental killing would be only manslaughter. But in this case the act done indicated an intention to kill — -it was calculated to produce that effect, and no other — -death was the probable consequence, and did result from it, and I am of opinion there was no error in the charge of the Circuit Judge, that if the prisoner shot at Carter the crime was murder, although the i prisoner may have designed only to do Carter “some serious injury, as the falling from his horse.” The motion is there-1 fore dismissed.
Richardson, J. O’Neall, J. Wardlaw, J. Frost, J. and Withers, J. concurred.

Motion dismissed.